**MEMORANDUM ENDORSEMENT**

Petrosino v. Stearn's Products, Inc., 16 cv 7735 (NSR)

The Court is in receipt of the attached pre-motion letter from Defendant, dated May 11, 2018, and Plaintiff's response letter, dated May 16, 2018.  The Court waives the pre-motion conference requirement and grants Defendant leave to file its motion to dismiss with the following briefing schedule: moving papers to be served **not filed** June 22, 2018; opposition to be served **not filed** July 23, 2018; and reply to be served August 7, 2018.  The parties are directed to file all motion documents on the reply date, August 7, 2018, and to provide 2 copies of all documents to chambers as the documents are served.  The Initial Pretrial Conference scheduled for May 25, 2018 is hereby adjourned *sine die*.

Dated:   May 21, 2018
White Plains, NY

SO ORDERED.

Nelson S. Román, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/21/2018



Stephen Paffrath
stephen@dieschforrestlaw.com

May 11, 2018

**VIA EMAIL (gina_sicora@nysd.uscourts.gov)**
The Honorable Nelson S. Román
United States District Court for the Southern District of New York
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, New York 10601

Re:   *Petrosino v. Stearn's Products, Inc.*
      Case No. 7:16-cv-7735-NSR
      Request for Pre-Motion Conference – Motion to Dismiss

Dear Judge Román:

Stearn's Products, Inc. dba derma e® ("SPI") hereby requests a Pre-Motion Conference on its intended Motion to Dismiss the Second Amended Complaint in this matter. SPI intends to move this Court for an order dismissing the claims of putative class members residing outside New York pursuant to Federal Rules of Procedure 12(b)(2) and the recent ruling of the United States Supreme Court in *Bristol-Myers Squibb Co. v. Super Ct. of Cal.*, 137 S.Ct. 1773 (2017) ("*BMS*").

SPI is a California corporation with its principal place of business in California, engaged in the business of selling personal care and cosmetic products. Plaintiff's claims for relief arise out of the labeling of 87 different cosmetic products that bear the word "natural" on the products' principal display panels. Plaintiff alleges SPI's labeling, advertising, and marketing is false and misleading because it conveys the message the Products contain only "natural" ingredients, and no "synthetic" ingredients. The Complaint asserts claims under New York's consumer protection statutes (GBL §§ 349, 350, 350-a1), as well as the consumer protection statutes of all other 49 states and breach of the express warranty statutes of all 50 states.

SPI filed its motion to dismiss Plaintiff's Amended Complaint on March 17, 2017. Dkt. No. 33. The United States Supreme Court entered its decision in *BMS* decision on June 19, 2017, while this Court's ruling on the motion to dismiss was pending. This Court entered its Order partially granting and partially denying that motion on March 30, 2018. Dkt. No. 49. Plaintiff filed her Second Amended Complaint, continuing to allege the same nationwide class claims, on April 20, 2018. Dkt. 53.

Hon. Nelson S. Roman
May 11, 2018
Page 2

In *BMS*, residents of California and other states brought a collective action against a drug manufacturer, alleging they had been injured by a medication. *BMS*, 137 S. Ct. at 1778. There was no connection between the defendant's conduct in California and the non- residents' claims, but the plaintiffs argued that a California court could decide those claims because they involved the same product and the same alleged injury as the California plaintiffs had alleged. *Id.* at 1781. The California Supreme Court had agreed, but the U.S. Supreme Court reversed. *Id.* The Court held that California's exercise of specific jurisdiction over the nonresident plaintiffs' claims against BMS violated the Due Process Clause of the Fourteenth Amendment. *Id.* at 1780–84. As the Court observed, "[t]he mere fact that other plaintiffs were prescribed, obtained, and ingested [the drug] in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." *Id.* at 1781. Absent "a connection between the forum and the specific claims at issue," the court lacked jurisdiction. *Id.*

Numerous federal courts have subsequently cited the *BMS* decision in dismissing for lack of specific jurisdiction out-of-state claims based on contacts unrelated to the forum state, including in class actions claims of non-resident putative class members. *See Anderson v. Logitech Inc.*, No. 1:17-cv-06104, 2018 WL1184729, at *3 (N.D. Ill. Mar. 7, 2018) (striking nationwide class action claims for lack of personal jurisdiction); *DeBernardis v. NBTY, Inc.*, No. 1:17-cv-6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (dismissing class action consumer protection claims of out-of-state plaintiffs for lack of personal jurisdiction); *In re Dental Supplies Antitrust Litig.*, No. 16-CV-696, 2017 WL 4217115, at *1 (E.D.N.Y. Sept. 20, 2017) (class action claims dismissed for lack of personal jurisdiction, *citing Bristol-Myers*). *Spratley v. FCA US LLC*, No. 3:17-cv-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (dismissing class action claims of out-of-state plaintiffs who did not purchase their vehicles in the forum state for lack of personal jurisdiction).

Here, Plaintiff does not allege that the claims of the non-New York resident putative class members have anything to do with SPI's conduct in New York. The analysis in *BMS* is controlling: "Personal jurisdiction in class actions must comport with due process just the same as any other case." *In re Dental Supplies*, 2017 WL 4217115 at *1. Consequently, the Court should dismiss the claims asserted on behalf of the proposed nationwide class for lack of personal jurisdiction.

Accordingly, per your Honor's Individual Practices Rule 3.A.ii., Defendant Steam's Products, Inc. respectfully requests a pre-motion conference.

DIESCH FORREST APC

STEPHEN E. PAFFRATH

Minneapolis Office

80 South 8th Street
IDS Center, Suite 1650
Minneapolis , MN 55402

612.605.4098  Phone
612.605.4099  Fax

Chicago Office

415 North LaSalle Street
Suite 502
Chicago, IL 60654

312.222.0660  Phone
312.222.1656  Fax



**EMPLOYMENT · CONSUMER · WHISTLEBLOWER**

<u>VIA EMAIL (gina_sicora@nysd.uscourts.gov)</u>

The Honorable Nelson S. Román                          May 16, 2018
United States District Court for the Southern District of New York
300 Quarropas Street, Courtroom 218
White Plains, New York 10601

Re:     *Petrosino v. Stearn's Products, Inc.*
        Case No. 7:16-cv-7735-NSR

Dear Judge Román:

On behalf of Plaintiff Petrosino, we respectfully request the Court deny Stearn's Products, Inc. dba derma e®'s ("SPT") request for a Pre-Motion Conference on its intended Motion to Dismiss the Second Amended Complaint. SPT is asking the Court to dismiss Plaintiff's claims pled on behalf of a nationwide class arguing that *Bristol-Myers Squibb Co. v. Super Ct. of Cal.*, 137 S. Ct. 1773 (2017) ("*Bristol-Myers*"), is controlling and the Court lacks personal jurisdiction over the claims on behalf of the proposed nationwide class. In SPT's view, it is not subject to personal jurisdiction in New York with respect to Plaintiff's claims pled on behalf of a nationwide class. However, SPT's argument is misplaced for several, independent reasons. First, the relevant jurisdictional inquiry is whether the Court has jurisdiction over Plaintiff's claims. The unnamed class members' claims are not considered—or even part of this action—until class certification. And, SPT does not dispute this Court has jurisdiction over Plaintiff's claims. Second, *Bristol-Myers* was a mass action and does not extend to class actions.

SPT argues the Court does not have personal jurisdiction over it with respect to the claims of "non-New York resident putative class members." (Letter 2.) However, in a class action, the personal jurisdiction inquiry is limited to the named parties. *See Day v. Air Methods Corp.*, No. 5: 17-183-DCR, 2017 U.S. Dist. LEXIS 174693, at *6 (E.D. Ky. Oct. 23, 2017) ("the inquiry for personal jurisdiction lies with the named parties of the suit asserting their various claims against the defendant, not the unnamed proposed class members"); *Fitzhenry-Russell et al. v. Dr. Pepper Snapple Group, Inc.*, No. 17-CV-00564 NC, 2017 U.S. Dist. LEXIS 155654, at *13 (N.D. Cal. Sept. 22, 2017) (citing *AM Tr. v. UBS AG*, 78 F. Supp. 3d 977, 986 (N.D. Cal. 2015), *aff'd*, 681 F. App'x 587 (9th Cir. 2017)) ("the citizenship of the unnamed plaintiffs [in a class action] is not taken into account for personal jurisdiction purposes"); *Jensen v. Cablevision Sys. Corp.*, No. 2:17-cv-00100 (ADS)(AKT), 2017 U.S. Dist. LEXIS 158872, at *36 (E.D.N.Y. Sep. 27, 2017) ("As a general rule, until a class action is certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the claims of potential class members cannot be considered.") (quoting *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 386 (E.D.N.Y. 2010)); *Id.* ("[I]n the absence of certification, there is no class action under Rule 23. The unnamed class members are not technically part of the action until the court has certified the class; therefore, once the named plaintiffs' claims are dismissed, there is no one who has a justiciable claim that may be asserted.") (quoting *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 76 (E.D.N.Y. 2008)); *see also Devlin v. Scardelletti*, 536 U.S. 1, 10, 122 S. Ct. 2005, 2011 (2002) ("Ease of administration of class actions would be compromised" by the possibility that federal judges would be forced to consider jurisdictional prerequisites "of all class members, many of whom may even be unknown,"

before "determining jurisdiction."). Here, SPT does not dispute that personal jurisdiction exists with respect to Plaintiff's claims.

Furthermore, contrary to SPT's argument, *Bristol-Myers* does not apply to class actions. The Supreme Court in *Bristol-Myers* "applied its reasoning to the narrower grounds of personal jurisdiction in the context of mass tort actions." *Feller v. Transamerica Life Ins. Co.*, No. 2:16-cv-01378-CAS-AJW, 2017 U.S. Dist. LEXIS 206822, at *46-48 (C.D. Cal. Dec. 11, 2017). Justice Sotomayor recognized that the majority in *Bristol-Myers* did not address whether the Supreme Court's opinion "would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Bristol-Myers*, 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting). "Regardless of the temptation by defendants across the country to apply the rationale of *Bristol-Myers* to a class action in federal court, its applicability to such cases was expressly left open by the Supreme Court and has yet to be considered by lower federal courts." *Broomfield v. Craft Brew All., Inc.*, No. 17-cv-01027-BLF, 2017 U.S. Dist. LEXIS 142572, at *46-47 (N.D. Cal. Sep. 1, 2017).

The fact that *Bristol-Myers* was a mass tort action "materially distinguishes" it and makes its reasoning inapplicable in the class action context. *Fitzhenry-Russell*, 2017 U.S. Dist. LEXIS 155654, at *13 (citing *AM Tr.*, 78 F. Supp. 3d at 986, *aff'd*, 681 F. App'x 587 (9th Cir. 2017)); *accord Senne v. Kansas City Royals Baseball Corp.*, 105 F. Supp. 3d 981, 1022 (N.D. Cal. 2015). In a mass tort action (like *Bristol-Myers*), each plaintiff is a named plaintiff; whereas, in a class action (like the one before this Court), "'the named plaintiffs' are the only plaintiffs actually named in the complaint." *Fitzhenry-Russell*, 2017 U.S. Dist. LEXIS 155654, *13-14 (citations omitted); *see also Feller*, 2017 U.S. Dist. LEXIS 206822, at *46-48; *In re Chinese-Manufactured Drywall Prods. Liab. Litig. ("Chinese Drywall")*, No. 09-2047, 2017 U.S. Dist. LEXIS 197612, at *31-33 (E.D. La. Nov. 28, 2017). Moreover, there is a significant difference in the due process safeguards that apply to mass tort actions and class actions:

> In particular, for a case to qualify for class action treatment, it needs to meet the additional due process standards for class certification under Rule 23 — numerosity, commonality, typicality, adequacy of representation, predominance and superiority. Fed. R. Civ. P. 23(a)&(b). Often, mass torts cannot qualify for class action treatment because they are unable to satisfy these standards, and at other times, actions can begin as a mass tort but ultimately be resolved as a class action in the settlement context because in that context, manageability concerns are alleviated.

*Chinese Drywall*, 2017 U.S. Dist. LEXIS 197612, at *37-38 (citing Manual for Complex Litigation § 22.7 (4th ed. 2015) (discussing turning mass torts into class actions in the settlement context)).

Based on the significant and meaningful differences between mass tort actions and class actions, courts have declined to extend the holding of *Bristol-Myers* to class actions in federal court. *See, e.g., Fitzhenry-Russell*, 2017 U.S. Dist. LEXIS 155654, *14-15 (denying motion to strike "[b]ecause the court find personal jurisdiction lies over [defendant] as to the nationwide class"); *Feller*, 2017 U.S. Dist. LEXIS 206822, at *46-48 (concluding it had "personal jurisdiction over [defendant] as to *all* putative members in the National Class") (emphasis in original); *Chinese Drywall*, 2017 U.S. Dist. LEXIS 197612, at *31-33 (denying motion to dismiss for lack of personal jurisdiction).

SPT argues that courts have cited *Bristol-Myers* in dismissing out-of-state claims for lack of specific jurisdiction. *See Anderson v. Logitech Inc.*, No. 17 C 6104, 2018 U.S. Dist. LEXIS 36785 (N.D. Ill. Mar. 7, 2018); *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 U.S. Dist. LEXIS 7947 (N.D. Ill. Jan. 18, 2018); *In re Dental Supplies Antitrust Litig.*, No. 17 Civ. 696 (BMC) (GRB), 2017

U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017); *Spratley v. FCA US LLC*, 2017 U.S. Dist. LEXIS 147492, at *18-22 (N.D.N.Y. Sept. 12, 2017).

The cases cited by SPT highlight the fact that *Bristol-Myers* should be limited to analyzing personal jurisdiction related to named plaintiffs. One case addressed the specific question of whether the court had personal jurisdiction over the claims of out-of-state *named plaintiffs*. *Spratley*, 2017 U.S. Dist. LEXIS 147492, at *18-22. Given that the members of the proposed nationwide are not named plaintiffs and, therefore, not parties to this lawsuit, *Spratley* is inapplicable. Indeed, other courts have specifically declined to follow *Spratley* on the grounds that it failed to distinguish between state mass torts and federal class actions. *See,e.g., Sanchez v. Launch Tech. Workforce Sols, LLC*, No. 1:17-cv-1904-ELR-AJB 2018 U.S. Dist. LEXIS 28907, *15 n.9 (N.D. Ga. Jan 26, 2018) (declining to follow *Spratley* because it "presume[es] that Bristol-Myers requires dismissal of non-residents class members' claims without explaining why Bristol-Myers would apply in a class-action suit").

Moreover, *In re Dental Supplies Antitrust Litig.*, No. 17 Civ. 696 (BMC) (GRB), 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept. 20, 2017), only discussed in dicta that plaintiffs failed to establish a "direct 'connection between the forum and the specific claims.'" *Id.* (citing *Bristol-Myers*, 137 S. Ct. at 1780). This was not based on the plaintiffs but rather on the fact that the defendant did not transact business in New York. *See, e.g., id.* at *23-24. Thus, *In re Dental Supplies Antitrust Litig.* is distinguishable.

Lastly, both *Anderson* and *DeBernardis* followed the *McDonnell v. Nature's Way Prods., LLC*, 2017 U.S. Dist. LEXIS 177892, at *10-11 (N.D. Ill. Oct. 26, 2017), decision, which did not provide any supporting reasoning or analysis for SPT's argument that *Bristol-Myers* should be extended to preclude class actions in which a plaintiff seeks to represent a nationwide class. In fact, *McDonell* recognized that *Bristol-Myers* involved *named plaintiffs*, not unnamed class members, but nonetheless believed it was "instructive in considering whether the Court has personal jurisdiction over the claims McDonnell asserts on their behalf against Nature's Way." 2017 U.S. Dist. LEXIS 177892, at *10-11. The court provided no explanation or analysis, however, as to why. *See id.*

On the other hand, the cases that have declined to extend *Bristol-Myers* to class actions in which a plaintiff seeks to represent a nationwide class do contain thorough and well-reasoned analysis as to why such an extension of *Bristol-Myers* is inappropriate. *See, e.g., Fitzhenry-Russell*, 2017 U.S. Dist. LEXIS 155654, at *8-16; *Chinese Drywall*, 2017 U.S. Dist. LEXIS 197612, at *16-21, 31-61; *Feller*, 2017 U.S. Dist. LEXIS 206822, at *47-48. In fact, the recently decided *Sloan v. General Motors, LLC*, 16-cv-07244-EMC (C.D. Cal. Feb 7, 2018), thoroughly examined the issue holding that it could exercise jurisdiction over out-of-state class members.

Therefore, because SPT has not provided any reasoning as to why *Bristol-Myers* should be applied in the class action context to bar Plaintiff's nationwide, Plaintiff respectfully requests the Court deny SPT's request for a promotion conference.

Very truly yours,

**HALUNEN LAW**

Melissa S. Weiner