UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH PETROSINO, *individually on behalf of herself and others similarly situated*,<br><br>               Plaintiff,<br><br>               v.<br><br>STEARN'S PRODUCTS, INC. D/B/A DERMA E®,<br><br>               Defendant. | Case No. 7:16-cv-7735-NSR |

**MEMORANDUM OF LAW IN SUPPORT OF STEARN'S PRODUCTS, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

| | |
|---|---|
| Gavin J. Rooney | Angela L. Diesch (Pro Hac) |
| Naomi D. Barrowclough | Stephen E. Paffrath (Pro Hac) |
| LOWENSTEIN SANDLER LLP | DIESCH FORREST, APC |
| 1251 Avenue of the Americas | 2207 Plaza Drive, Suite 300 |
| New York, New York 10020 | Rocklin, CA 95765 |
| Phone: (212) 262-6700 | Phone: (916) 740-6470 |
| Fax: (212) 262-7402 | Fax: (916) 740-6460 |
| grooney@lowenstein.com | angela@dieschforrestlaw.com |
| nbarrowclough@lowenstein.com | stephen@dieschforrestlaw.com |

*Attorneys for Defendant Stearn's Products, Inc. d/b/a Derma e®*

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ...................................................................................................1

A. Nature of Action, Parties, and Lack of Personal Jurisdiction Over Defendant ...................................................................................................1

B. Plaintiff's Nationwide Class Allegations Including Claims of Non-Residents .....................................................................................................2

III. ARGUMENT ........................................................................................................3

DEFENDANT IS ENTITLED TO DISMISSAL OF CLAIMS OF ALL NON-NEW YORK PUTATIVE CLASS MEMBERS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2) ......................................3

A. Standard for Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2) ................................................................................................3

B. Non-New York Putative Class Members Cannot Establish General Jurisdiction Against Nonresident Defendant Because Defendant is Not Incorporated, Headquartered, or Otherwise "at Home" in New York ........................................................................................................3

C. The Supreme Court in BMS Has Explained That When A Court Lacks General Jurisdiction Over A Defendant, Specific Jurisdiction Must Exist Over Each Claim Brought Against the Defendant ......................5

D. The Claims of Non-New York Putative Class Members Against Defendant Must Be Dismissed for Lack of Specific Jurisdiction Because Their Claims Do Not Arise from Any Contacts With New York ................7

IV. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Amchem Prods., Inc. v. Windsor*,
   521 U.S. 591 (1997) ................................................................................................... 8, 9

*Anderson v. Logitech, Inc.*,
   No. 17-C-6104, 2018 WL 1184729 (N.D. Ill. Mar. 7, 2018) ............................................ 7

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) ............................................................................................. 3

*Bittner v. RBC Capital Markets*,
   331 F. App'x 869 (2d Cir. 2009) ...................................................................................... 3

*Bristol-Myers Squibb v. Superior Court*,
   137 S.Ct. 1773 (2017) .............................................................................................. *passim*

*Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*,
   No. 17-2161, 2018 WL 1377608 (E.D. La. Mar. 19, 2018) ............................................. 8

*Chavez v. Church & Dwight Co.*,
   No. 17 C 1948, 2018 WL 2238191 (N.D. Ill. May 16, 2018) .......................................... 7

*Daimler AG v. Bauman,*
   134 S.Ct. 760 (2014) ........................................................................................................ 4

*Day v. Air Methods Corp.*,
   No. 5:17-183, 2017 WL 4781863 (E.D. Ky. Oct. 23, 2017) ............................................ 8

*DeBernardis v. NBTY, Inc.*,
   No. 17-C-6125, 2018 WL 461228 (N.D. Ill. Jan. 18, 2018) ............................................. 7

*Demaria v. Nissan N. Am., Inc.*,
   No. 15 C 3321, 2016 WL 374145 (N.D. Ill. Feb. 1, 2016) .............................................. 9

*Famular v. Whirlpool Corp.*,
   No. 16 CV 944, 2017 WL 247-844 (S.D.N.Y. June 6, 2017) ........................................ 10

*Feller v. Transamerica Life Ins. Co.*,
   No. 2:16-CV-01378, 2017 WL 6496803 (C.D. Cal. Dec. 11, 2017) ................................ 8

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*,
   No. 17-CV-00564, 2017 WL 4224723 (N.D. Cal. Sept. 22, 2017) .................................. 8

*Frontera Resources Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*,
    582 F.3d 393 (2d Cir. 2009) ................................................................................................ 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown,*
    564 U.S. 915 (2011) ........................................................................................................... 4

*In re Chinese-Manufactured Drywall Prods. Liab. Lit.*,
    No. 09-2047, 2017 WL 5971622 (E.D. La. Nov. 30, 2017) ............................................... 8

*In re Dental Supplies Antitrust Lit.*,
    No. 16 Civ. 696, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) .................................... 7, 9

*McDonnell v. Nature's Way Prods., LLC*,
    No. 16-CV-5011 (N.D. Ill. Oct. 26, 2017) ......................................................................... 8

*Maclin v. Reliable Reports of Tex., Inc.*,
    No. 1:17-CV-2612, 2018 WL 1468821 (N.D. Ohio Mar. 26, 2018) .................................. 7

*Metro Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560 (2d Cir. 1996) .................................. 3

*Practice Mgmt. Support Servs., Inc. v. Cirque de Soleil, Inc.*,
    301 F.Supp.3d 840 (N.D. Ill. 2018) .......................................................................... 7, 8, 9

*Sanchez v. Launch Tech. Workforce Sols., LLC*,
    297 F.Supp.3d 1360 (N.D. Ga. 2018) ................................................................................ 8

*Sloan v. Gen. Motors Corp.*,
    287 F.Supp.3d 840 (N.D. Cal. 2018) ................................................................................. 8

*Spratley v. FCA US LLC*,
    No. 3:17-cv-0062, 2017 WL 4023348 (N.D.N.Y. Sept. 12, 2017) ..................................... 7

*Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*,
    __ F. Supp. 3d __, 2018 WL 1701994 (M.D. Fla. April 4, 2018) ..................................... 8

*Walden v. Fiore*, 134 S. Ct. 1115 (2014) ...................................................................................... 6

*Wenokur v. ACA Equitable Life Ins. Co.*,
    No. CV-17-99165, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) .......................................... 7

**Rules**
Federal Rule of Civil Procedure 12(b)(2) .......................................................................... 1, 3, 10

Federal Rule of Civil Procedure 23(d)(1)(D) .................................................................................. 1

**Other Authorities**
Fair Labor Standards Act ............................................................................................................... 8

Defendant Stearn's Products, Inc. d/b/a Derma e® ("Defendant" or "SPI"), by and through its undersigned counsel, respectfully submits this memorandum of law in support of its motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(2), the claims asserted by Elizabeth Petrosino ("Plaintiff") on behalf of putative class members outside of the State of New York.

## I.    INTRODUCTION

Plaintiff Elizabeth Petrosino ("Plaintiff") filed this putative nationwide class action alleging consumer fraud and breach of warranty arising from her purchase of three personal care products marketed under the brand name "Derma e" by non-resident Defendant SPI. Defendant is not incorporated, headquartered, or otherwise "at home" in New York. Plaintiff's Second Amended Complaint ("SAC") asserts claims on behalf of non-New York residents, with no allegations of purchase by and/or harm occurring to those non-residents in New York. Pursuant to the Supreme Court's recent decision in *Bristol-Myers Squibb v. Superior Court*, 137 S.Ct. 1773 (2017) ("*BMS*"), the Court should dismiss Plaintiff's nationwide class allegations for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), and/or 23(d)(1)(D) because the claims of class members outside New York do not arise out of Defendant's contacts with New York and Defendant is not at home in New York.

## II.    BACKGROUND

**A. Nature of Action, Parties, and Lack of Personal Jurisdiction Over Defendant**

Plaintiff filed this putative nationwide class action alleging consumer fraud and breach of warranty arising from her purchase of three personal care products. See SAC, ECF 53, at ¶ 32. Plaintiff is a citizen of New York. *Id.* The SAC is devoid of any allegations that either Plaintiff or members of the putative classes purchased and/or used Defendant's products outside of their respective states.

Defendant is a non-resident entity incorporated in California, with a principal place of business in California. *Id.* at ¶ 8; *see also* Declaration of Barbara Roll, ("Roll Decl."). Defendant is not "at home" in New York. Defendant was incorporated in the State of California on June 8,

1

1984. Roll Decl., at ¶ 2. Defendant's headquarters and principal place of business is in Simi Valley, California. *Id.* at ¶ 3. Defendant employs approximately 45 employees in California. *Id.* at ¶ 4. Defendant has never been headquartered in New York or registered to do business in New York. *Id.* at ¶ 5. Defendant does not have a physical office and/or other facility in New York, and does not own or lease any real estate in New York. *Id.* Defendant does not have bank accounts in New York. *Id.*

### B. Plaintiff's Nationwide Class Allegations Including Claims of Non-Residents

In her SAC, Plaintiff proposes two sets of purchasers of Defendant's products: (1) a nationwide class; and (2) a New York subclass. SAC, ¶¶ 36, 37. Specifically, Plaintiff alleges "[t]he Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (the "Class"). *Id*. at ¶¶ 36. "Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the State of New York at any time during the Class Period (the "New York Subclass"). *Id*. at ¶ 37. The SAC does not allege that the members of the putative nationwide class who are located outside of New York either purchased or used Defendant's products in New York.

Plaintiff's First, Second and Third Causes of Action allege claims on behalf of Plaintiff and just the New York Subclass for consumer fraud under New York statutory law. *Id*. at ¶¶ 50-85. Plaintiff's Fourth Cause of Action alleges claims on behalf of Plaintiff and the putative nationwide Class for breach of express warranty under the laws of forty-nine states and the District of Columbia. *Id.* at ¶¶ 86-94. Plaintiff's Fifth Cause of Action alleges claims on behalf of Plaintiff and the putative nationwide Class for violations of various consumer protection laws of forty-one states and the District of Columbia. *Id.* at ¶¶ 95-104.[1]

---

[1] Defendant's motion seeks the dismissal of the Fifth Cause of Action in its entirety, as the claims of members of the putative New York subclass under the Fifth Cause of Action are completely duplicative of their claims under the First, Second and Third Causes of Action, and consequently the only claims asserted solely through the Fifth Cause of Action are the claims of putative class members residing outside New York under the laws of other states.

# III. ARGUMENT

**DEFENDANT IS ENTITLED TO DISMISSAL OF CLAIMS OF ALL NON-NEW YORK PUTATIVE CLASS MEMBERS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2).**

### A. Standard for Dismissal for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2)

"Federal Rule of Civil Procedure 12(b)(2) governs dismissal for lack of personal jurisdiction." *Bittner v. RBC Capital Markets*, 331 F. App'x 869, 870 (2d Cir. 2009). On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing the court has jurisdiction over the defendant. *Metro Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996).

Generally, personal jurisdiction has both statutory and constitutional components. A court must have a statutory basis for asserting jurisdiction over a defendant, and the Due Process Clause typically also demands that the defendant, if "not present within the territory of the forum, . . . have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Frontera Resources Azerbaijan Corp. v. State Oil Co. of the Azerbaijan Republic*, 582 F.3d 393, 396 (2d Cir. 2009) (citations omitted). Thus, ordinarily for a court to exercise jurisdiction over a non-resident defendant, it must first determine whether there is a statutory basis. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 242 (2d Cir. 2007). If the court finds that it has jurisdiction under the forum state's long arm statute, it must then decide whether asserting jurisdiction would comply with the due process requirements of the Fourteenth Amendment to the United States Constitution. *Id.* In this case for purposes of this motion, Defendant does not dispute the Court's jurisdiction over it under New York's long arm statute. Consequently, the Court may proceed to analysis of whether the exercise of personal jurisdiction is within the constraints of the Due Process Clause.

### B. Non-New York Putative Class Members Cannot Establish General Jurisdiction Against Nonresident Defendant Because Defendant is Not Incorporated, Headquartered, or Otherwise "at Home" in New York

The Supreme Court recognizes "two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *BMS*, 137 S. Ct. 1773, 1780 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011)). A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.* [citation omitted]. "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that state." *Id.* (*citing Daimler AG v. Bauman,* 134 S.Ct. 746, 760 (2014)).

Recently, the Supreme Court clarified the limits of general jurisdiction. *See Daimler AG,* 134 S.Ct. at 760; *see also BMS,* 137 S. Ct. at 1780. The Supreme Court specified "[w]ith respect to a corporation, the place of incorporation and principal place of business are 'paradigm . . . bases for general jurisdiction." *Id.* (citing *Goodyear,* 564 U.S. at 919). The Court explained, "[t]hose affiliations have the virtue of being unique – that is, each ordinarily indicates **only one place** – as well as easily ascertainable." *Id.* (emphasis added).

In *Daimler*, the Supreme Court made clear that general jurisdiction is now generally limited to the singular places of incorporation and principal place of business where the defendant is "at home." The Court explained that "the inquiry under *Goodyear* is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic' as to render it essentially at home in the forum State." *Id.* at 761 (*citing Goodyear,* 564 U.S at 919.) Thus, "the general jurisdiction inquiry does not 'focus solely on the magnitude of the defendant's in-state contacts . . . [g]eneral jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide." *Id*. at 762, n.20. In short, "[a] corporation that operates in many places can scarcely be deemed at home in all of them . . . [o]therwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States." *Id.* (citation omitted).

Likewise, in this case, jurisdiction over Defendant cannot be based upon the exercise of general jurisdiction over Defendant. Defendant is not incorporated, headquartered, or otherwise

"at home" in New York. *See* SAC, ¶ 34; Roll Decl., ¶¶ 2-4. Defendant is incorporated in California and has a principal place of business in California. *Id*. Accordingly, the Court's exercise of personal jurisdiction over Defendant must be predicated upon specific jurisdiction.

### C. The Supreme Court in BMS Has Explained That When A Court Lacks General Jurisdiction Over A Defendant, Specific Jurisdiction Must Exist Over Each Claim Brought Against the Defendant

In contrast to general jurisdiction, for a court to exercise specific jurisdiction, "the *suit* must 'arise out of or relate to the defendant's contacts with the *forum*." *BMS,* 137 S.Ct. at 1780 (citations omitted). "In other words, there must be an 'affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State . . ." (citation omitted). *Id.* "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. (citation omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 1781 [citation omitted]. "Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction of a claim unrelated to those sales." *Id*. (citation omitted).

Like general jurisdiction, the Supreme Court also recently clarified the limits of specific jurisdiction in the context of multiple Plaintiffs asserting similar claims [and logically by extension putative class members] by reiterating that each claimant's claim must arise from the defendant's forum-related activities regardless of whether or not specific jurisdiction was established for another plaintiff. *Id.* at 1781.

In *BMS*, a group of plaintiffs consisting of mostly nonresidents of California filed suit against nonresident Defendant Bristol-Meyers Squibb in California alleging personal injuries arising from its drug Plavix. *Id.* at 1778. The nonresident plaintiffs did not allege they obtained Plavix in California or that they were harmed in California. *Id.* Despite the lack of connection between the nonresident plaintiffs and California, the California Supreme Court held that "BMS' extensive contacts with California permitted the exercise of specific jurisdiction 'based on a less

5

direct connection between BMS' forum activities and plaintiffs' claims than might otherwise be required" because "the claims of the nonresidents were similar in several ways to the claims of the California residents (as to which specific jurisdiction was uncontested)." *Id.* at 1779 (citation omitted). Under California's "sliding scale approach" to specific jurisdiction, "the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims." *Id.* at 1781. The defendant Bristol Meyer Squibb, a large pharmaceutical company, was incorporated in Delaware and headquartered in New York with substantial operations in New Jersey. *Id.* However, it engaged in arguably "continuous and systematic" contacts in California insofar as it operated five research and laboratory facilities consisting of 150 employees as well as a state-government advocacy office in California. *Id.* In addition to such forum activities, Bristol Meyer Squibb also employed an additional 250 sales representatives in California. *Id.*

The Supreme Court rejected California's approach and the nonresident plaintiffs' attempts to rely on the specific jurisdiction of the resident plaintiffs. *Id.* at 1781. Concluding that the California court improperly found specific jurisdiction was present without identifying any adequate link between the State and the nonresidents' claims, the Supreme Court noted "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* The Supreme Court held, "[t]he mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California – and allegedly sustained the same injuries as did the nonresidents does not all [California] to assert specific jurisdiction over the nonresidents' claims." *Id.* The Court further held, "[a]s we have explained, 'a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." *Id.* (*citing Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014)). "This remains true even when third parties (here, the plaintiffs who reside in California) can bring claims similar to those brought by the nonresidents …[w]hat is needed – and what is missing here- is a connection between the forum and the specific claims at issue." *Id.* Accordingly, the Supreme

6

Court reversed the Order of the California Supreme Court, which had found specific jurisdiction over the nonresident Plaintiffs. *Id.* at 1783.

### D. The Claims of Non-New York Putative Class Members Against Defendant Must Be Dismissed for Lack of Specific Jurisdiction Because Their Claims Do Not Arise from Any Contacts With New York

The question of whether *BMS* is applicable to class-action lawsuits has engendered disagreement among courts employing their best efforts to make sense of a Supreme Court decision that, by one Justice's own acknowledgement, "did not confront" the question the courts are now tasked with answering.[2] *See BMS,* 137 S. Ct. at 1789 n. 4 (Sotomayor, J., dissenting). This Court should follow the lead of those federal district courts holding since entry of the *BMS* decision that it requires the dismissal for lack of personal jurisdiction of the claims of putative class members who, like the non-California plaintiffs in *BMS,* had claims with no relationship to the forum state. *See In re Dental Supplies Antitrust Lit.*, No. 16 Civ. 696, 2017 WL 4217115, at *8–9 (E.D.N.Y. Sept. 20, 2017); *Spratley v. FCA US LLC*, No. 3:17-cv-0062, 2017 WL 4023348, at *7 (N.D.N.Y. Sept. 12, 2017) (dismissing class action claims of out-of-state plaintiffs who did not purchase their vehicles in the forum state for lack of personal jurisdiction); *Chavez v. Church & Dwight Co.,* No. 17 C 1948, 2018 WL 2238191, at *10 (N.D. Ill. May 16, 2018); *Practice Mgmt. Support Servs., Inc. v. Cirque de Soleil, Inc.*, 301 F. Supp. 3d 840, 2018 WL 1255021, at *15–17[3] (N.D. Ill. Mar. 12, 2018) ("*Practice Mgmt*"); *Anderson v. Logitech, Inc.*, No. 17-C-6104, 2018 WL 1184729, at *1 (N.D. Ill. Mar. 7, 2018) (slip op.); *DeBernardis v. NBTY, Inc.*, No. 17-C-6125, 2018 WL 461228, at *2 (N.D. Ill. Jan. 18, 2018) (slip op.); *McDonnell v. Nature's Way Prods., LLC*, No. 16-CV-5011, at *4 (N.D. Ill. Oct. 26, 2017) (slip op.); *Wenokur v. ACA Equitable Life Ins. Co.*, No. CV-17-99165, 2017 WL 4357916 at *4, n.4 (D. Ariz. Oct. 2, 2017) (slip op.); *see also Maclin v. Reliable Reports of Tex., Inc.*, No. 1:17-CV-2612, 2018 WL 1468821, at *3–4 (N.D. Ohio Mar. 26, 2018) (holding *Bristol-Myers*

---

[2] One federal district court has recently found sufficient substantial ground for a difference of opinion on the issue to warrant interlocutory review. See *Molock v. Whole Foods Mkt. Grp., Inc.*, No. 16-CV-02483 (APM), 2018 WL 2926162, at *3 (D.D.C. June 11, 2018).

[3] Federal Supplement page cites not yet available.

applies to "mass actions" under the Fair Labor Standards Act (FLSA), and rejecting argument that *Bristol-Myers* is limited to mass torts or state actions).

Multiple courts have also ruled to the contrary that *BMS* is not applicable in class actions to the claims of putative class members residing outside the forum. *See e.g., Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc.*, __ F. Supp. 3d __, 2018 WL 1701994, at *6 (M.D. Fla. April 4, 2018); *Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab. Prods., Inc.*, No. 17-2161, 2018 WL 1377608, at *4–5 (E.D. La. Mar. 19, 2018) (slip op.); *Sanchez v. Launch Tech. Workforce Sols., LLC*, 297 F. Supp. 3d 1360, 1361 (N.D. Ga. 2018); *Sloan v. Gen. Motors Corp.*, 287 F. Supp. 3d 840, 854-856 (N.D. Cal. 2018); *Feller v. Transamerica Life Ins. Co.*, No. 2:16-CV-01378, 2017 WL 6496803, at *16–17 (C.D. Cal. Dec. 11, 2017) (slip op.); *In re Chinese-Manufactured Drywall Prods. Liab. Lit.*, No. 09-2047, 2017 WL 5971622, at *12–21 (E.D. La. Nov. 30, 2017) (slip op.); *Day v. Air Methods Corp.*, No. 5:17-183, 2017 WL 4781863, at *2 n.1 (E.D. Ky. Oct. 23, 2017) (slip op.); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, No. 17-CV-00564, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017). Those courts so ruling generally have determined that because the named plaintiff is acting in a representative capacity under Federal Rule 23, the features unique to class action cases—requirements of numerosity, commonality, typicality, and the like—are sufficient to guard a defendant's due process rights. *See In re Chinese-Manufactured Drywall,* 2017 WL 5971622, at *14. In that analysis, "concern about fairness—the fundamental purpose of due process—in applying a different state's law can be addressed with choice-of-law principles if conflict of laws arises." *Id.,* at *15.

This Court should reject the conclusions of those courts finding that Rule 23 provides sufficient due process protections for the reasons Judge Thomas M. Durkin elaborated in *Practice Mgmt,* 2018 WL 1255021 at *16-17. In rejecting the argument Rule 23 allowed class member claims to be considered without concern of specific jurisdiction, he explained, the "Supreme Court has emphasized that 'Rule 23's [class action] requirements must be interpreted in keeping with Article III constraints, and with the Rules Enabling Act, which instructs that the [federal] rules of procedure shall not abridge, enlarge, or modify any substantive right.'" *Id.* at *16 (*quoting Amchem*

8

*Prods., Inc. v. Windsor*, 521 U.S. 591, 592 (1997)). As the Supreme Court held in *BMS* that the Fourteenth Amendment's due process clause precludes nonresident plaintiffs injured outside the forum from aggregating their claims with an in-forum resident, "[u]nder the Rules Enabling Act, a defendant's due process interest should be the same in the class context." *Id.*

Similarly, the Eastern District of New York addressed in *In re Dental Supplies Antitrust Litigation* whether *BMS* applies to class actions – albeit in response to a nonresident named plaintiff's argument that because personal jurisdiction existed for some unnamed class-members, Rule 23 provided sufficient protections such that *BMS* should not apply. *In re Dental*, 2017 WL 4217115, at *9. Judge Brian M. Cogan rejected that argument, holding that "constitutional requirements of due process *do[] not wax and wane when the complaint is individual or on behalf of a class." Id.* (emphasis added).

Here, as in *BMS*, the Court lacks personal jurisdiction over the state-law claims brought on behalf of putative class members who reside outside of New York. Plaintiff does not allege that out-of-state class members purchased Defendant's products in New York, or otherwise allege those class members suffered any injury in this forum. The SAC is utterly devoid of any facts connecting Defendant's activities in New York to the out- of-state putative class members' claims or alleged injuries.[4] Accordingly, Plaintiff cannot establish the Court's jurisdiction over Defendant to adjudicate the state law claims of non-New York putative class members. See *BMS*, 137 S. Ct. at 1781 ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").[5]

---

[4] *See, e.g.*, *Demaria v. Nissan N. Am., Inc.*, No. 15 C 3321, 2016 WL 374145, at *7 (N.D. Ill. Feb. 1, 2016) (no personal jurisdiction when the complaint "does not allege that anything [defendant] did in [forum state] had anything to do with any of the [out-of-state] plaintiffs' claims, or that any of their claims arose out of activities by [defendant] tied to Illinois").
[5] *Accord Famular v. Whirlpool Corp.,* No. 16 CV 944, 2017 WL 247-844 at *7 (S.D.N.Y. June 6, 2017) (declining to exercise"pendant personal jurisdiction over the non-New York plaintiffs' non-New York claims against [Defendant] based on facts unrelated to New York.").

## IV. CONCLUSION

For the reasons stated above, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Stearn's Products, Inc. respectfully requests this Court grant its motion to dismiss the Fourth and Fifth Causes of Action of Plaintiff's Second Amended Complaint as to the claims of putative class members residing outside New York.

Date: June 22, 2018                                 Respectfully submitted,


/s/ Gavin J. Rooney
Gavin J. Rooney
Naomi D. Barrowclough
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York 10020
Phone: (212) 262-6700
Fax: (212) 262-7402
grooney@lowenstein.com
nbarrowclough@lowenstein.com

Angela L. Diesch (*pro hac vice*)
Stephen E. Paffrath (*pro hac vice*)
DIESCH FORREST, APC
2207 Plaza Drive, Suite 300
Rocklin, CA 95765
Phone: (916) 740-6470
Fax: (916) 740-6460
angela@dieschforrestlaw.com
stephen@dieschforrestlaw.com

*Attorneys for Defendant Stearn's Products, Inc. d/b/a Derma e®*